IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIGITAL EGG INVESTMENTS, LLC<br>507 North York Street<br>Suite 2D<br>Mechanicsburg, PA 17055<br><br>    Plaintiff,<br><br>  v.<br><br>GREEN STANDARD NEW TECHNOLOGY SOLUTIONS, LLC,<br>    18938 Labin Court<br>    Suite A201<br>    City of Industry, CA 91748<br><br>and<br><br>JERIC S. DEVELA,<br>    21250 Fibre Court<br>    Walnut, CA 91789<br><br>and<br><br>CHARLES YANEZ,<br>    18938 Labin Court<br>    Suite A201<br>    City of Industry, CA 91748,<br><br>    Defendants. | Civil Action – Law<br><br>No. _____ |

## COMPLAINT

Plaintiff Digital Egg Investments, LLC ("Plaintiff" or "Digital Egg"), by and through its undersigned counsel, files this complaint against Green Standard New Technology Solutions, LLC ("GSNT"), Jeric S. Devela ("Devela"), and Charles Yanez ("Yanez" and together with GSNT and Devela, collectively, the "Defendants").

## INTRODUCTION

1.      This is an action for breach of contract, fraud, conspiracy to commit fraud, aiding and abetting a fraud, conversion, negligent misrepresentation, and unjust enrichment against Defendants.

2.      Plaintiff is in the business of Ethereum mining.  In March 2021, Plaintiff agreed to purchase certain Ethereum mining GPU Cards from Defendants ("GPU Cards") which were uniquely suited to Ethereum mining operations.  These GPU Cards were scarce commodities due to high demand, yet Defendants promised Plaintiff repeatedly that Defendants had multiple supply sources in the United States and overseas which could deliver the GPU Cards within a matter of weeks.  Based on these representations by the Defendants, the Plaintiff placed a large order with the Defendants and pre-paid for the order.  These representations proved to be false and were made to fraudulently induce Plaintiff to pre-pay for the GPU Cards.

3.      Defendants **never** delivered the GPU Cards.  Worse yet, Defendants engaged in an elaborate fraudulent scheme by fraudulently representing on multiple occasions to the Plaintiff for months that the delivery of the GPU Cards was imminent or had even taken place when Defendants knew each and every one of such promises and representations were false.  At one point to perpetuate the fraud, the Defendants even generated fake shipping labels with UPS and falsely promised that a delivery was imminent.  Based on these false representations, Plaintiff never sought to purchase the GPU Cards from another vendor.

4.      There was never any delivery of the GPU Cards or possibility of a delivery and the Defendants knew that.  The truth is that Defendants never intended to deliver GPU Cards to the Plaintiff.  Defendants took Plaintiff's money and ran and made false statements to delay discovery of the fraud.

5. Continuing their fraudulent scheme, for months the Defendants repeatedly promised to refund the pre-payment without ever intending to do so.

6. Plaintiff seeks to recover substantial damages for (i) the loss of the money it paid in advance for the GPU Cards, (ii) the money lost on purchasing central processing units which could not be used without the GPU Cards, and (iii) lost profits. Furthermore, Defendants should be required to pay punitive damages based on their outrageous and fraudulent conduct.

## PARTIES, JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between a citizens of different states.

8. Plaintiff is a Pennsylvania limited liability company having its principal place of business at 507 North York Street, Suite 2D, Mechanicsburg, Pennsylvania 17055. The members of Plaintiff are Digital Learning Direct, Inc., a Pennsylvania corporation, Jason Hudkins, a resident of Indiana, and Digital Egg Farms, LLC, a Pennsylvania limited liability company. The members of Digital Egg Farms, LLC are Digital Learning Direct, Inc., a Pennsylvania corporation, and JTZ, LLC, an Indiana limited liability company. The members of JTZ, LLC are Jason Hudkins, Trey Padgett, a resident of South Carolina, Zachary Miller, a resident of Indiana, and Taran Powell, a resident of Indiana. All the members of Plaintiff are either residents of, or domiciled in, Pennsylvania, Indiana, or South Carolina.

9. Defendant GSNT is a California limited liability company having its principal place of business at 18938 Labin Court, Suite A201, City of Industry, California 91748. Upon

information and belief, Devela owns the membership interests of GSNT and Devela is a resident of California.

10. Devela is, upon information and belief, a California resident having an address of 21250 Fibre Court, Walnut, California 91789.

11. Yanez is, upon information and belief, a California resident having an address of 18938 Labin Court, Suite A201, City of Industry, California 91748.

12. At the time of filing this action there is complete diversity between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1332 because the Plaintiff's principal place of business is in this district.

## BACKGROUND

**The Orders**

14. In early March 2021, Devela promised to deliver the GPU Cards to Plaintiff within two (2) weeks if Plaintiff pre-paid $250,800.00 for the order. In late February and early March of 2021, Devela specifically assured Plaintiff that this delivery time was realistic and certain.

15. In a text message on March 2, 2021, Devela promised to send the Plaintiff's funds to the overseas supplier and assured Plaintiff that the delivery of the GPU Cards would take place two (2) weeks after the payment is made. When Plaintiff inquired as to the delivery date by text to Devela, Devela responded with a text stating:

> They should receive payment by latest 4pm pst today. Eta once they receive payment is 2 weeks business days.

16.     Based on these representations, Plaintiff ordered the GPU Cards. On March 2, 2021, Plaintiff wired $250,800.00 to GSNT ("Pre-Paid Funds") as pre-payment for the GPU Cards.

17.     On March 9, 2021, GSNT issued an invoice ("600 GPU Invoice") to Plaintiff for the GPU Cards. A copy of the 600 GPU Invoice is attached as **Exhibit A** (and for some unknown reason is dated January 8, 2021).

18.     In a separate transaction, Plaintiff ordered 70 central processing units uniquely needed for Ethereum mining operations (collectively, the "CPU Units") for a total purchase price of $16,940.00. Again, Plaintiff pre-paid for the CPU Units (the "CPU Invoice"). On April 5, 2021, GSNT issued an invoice for the CPU Units, a copy of which is attached as **Exhibit B**. GSNT applied a portion of the Pre-Paid Funds to cover the cost of the CPU Invoice.

**Misrepresentations by Devela**

19.     Devela repeatedly represented that the delivery of the GPU Cards was imminent. On March 7, 2021, Plaintiff requested an update on the delivery status and Devela stated by text in response:

It's still on track! For the 22nd. Rep updated me as I was going back from big bear.

20.     On March 23, 2021, Plaintiff asked for another status report and Devela responded by text as follows:

It was shipped out yesterday. Let me see if I can get the tracking.

21.     Later on March 23, 2021, Devela stated by text:

Hey Josh I just found out that the full amount of 600 units will be separately shipped. I'm trying to find out how many has been shipped by the mfr with our rep. Would you like me to refund you the amount that wasn't shipped?

22. On April 1, 2021, Devela again promised that the GPU Cards had been shipped. He stated by text:

Did you receive emails from vito? I let him know to send the transit and shipping info.

23. Later on April 1, 2021, Devela texted a screen shot from a GSNT representative which stated:

Also I called UPS and they said everything is clear and good to go they're just waiting for hte (sic) next truck to be able to take it cause of high volume.

24. On April 5, 2021, after Plaintiff requested another delivery status report, Devela stated by text:

I think we had received the cpus And waiting on the gpus The whole team is working specifically for you.

25. On April 7, 2021, Devela texted Plaintiff and said that the GPU Cards had been shipped when in fact they had not been shipped.

26. When delivery never happened, on April 8, 2021, Devela texted that the GPU Cards would be shipped within days. He stated:

Vito said its going to ship out tomorrow/end of the day Monday.

27. When delivery never happened, by text on April 12, 2021, Devela promised the GPU Cards would be shipped that day. Devela stated:

It's supposed to ship out from wh today sorry in a meeting atm.

28. When delivery never happened, on April 14, 2021, Devela assured Plaintiff that the GPU Cards had been shipped. On April 14, 2021, Devela went so far as to provide Plaintiff with shipping labels to assure Plaintiff that the product had been shipped. As it turns out, this was a lie. Plaintiff checked with the shipping carrier and learned that while the shipping labels had been generated, the product was never shipped. When Plaintiff pointed this out on April 15, 2021, Devela texted:

> Another customer called and asked the same thing. I'm working on it with transit team.

29. On April 17, 2021, Plaintiff notified GSNT by email correspondence (the "April Email"), that it believed a fraud had taken place and demanded a full refund of the Pre-Paid Funds. A true and correct copy of the April Email is attached hereto as **Exhibit C**.

30. Devela never denied that a fraud took place. On April 19, Devela assured Plaintiff by text that some of the GPU Cards would arrive by April 20, 2021. Devela offered to issue a refund to plaintiff for 242 cards which were not going to be delivered.

31. On April 20, 2021, Plaintiff texted Devela and stated:

> Can you please call me ASAP today? I feel like you just keep lying and making large misrepresentations. You have a deposit for 600 cards and all the cards were to be delivered by now. Why just refund the 242? Refund the whole 600 purchase that you have failed to delivery (sic) as promised.

32. In response, on April 20, 2021, Devela texted that most of the GPU Cards were in the process of being delivered. He wrote:

> Hey Josh the reason why I said ill (sic) refund the 242 first is because the rest of the cards are already arriving to our location.

33. On April 21, 2021, Devela refunded $101,156 to Plaintiff.

34. On April 27, 2021, Plaintiff asked by text for the status of the GPU Cards which Devela represented a week prior would be "in his possession." Devela responded by text that same day as follows:

> Hey Josh. I had been in an ASUS meeting. I have not received any notifications about any receivables but will update you when I do.

35. After silence from Devela, on April 29, 2021, Plaintiff asked for an update. Devela responded by text that some of the GPU Cards had been received and others had not been.

36. On May 2, 2021, after GSNT failed to deliver any GPU Cards, Plaintiff demanded a full refund.

37. Instead of providing a full refund, Devela tried to sell Plaintiff different products other than the GPU Cards. Those negotiations broke down, and on June 16, 2021 Plaintiff texted the following message to Devela:

> Please return our money! You have not fulfilled your end of the deal. You keep trying to find ways to keep our prepayment. Please do the right thing And (sic) return our funds immediately!

Devela responded that same day by text:

> They will initiate the refund.

38. Plaintiff continued to demand the full refund from GSNT and sent emails to Devela dated June 4, 2021 and June 11, 2021 (collectively, the "June Emails"). A true and correct copy of the June Emails is attached hereto as **Exhibit D**.

39. Devela responded by email dated June 16, 2021 ("Devela June Email"), assuring Plaintiff that the remainder of the Pre-Paid Funds would be refunded.

8

40.     The refund never took place and Devela ceased all communications with Plaintiff. On June 30, 2021, Plaintiff texted Devela "When are you returning our money?" On July 2, 2021, Plaintiff texted Devela "Please call me ASAP!" On July 8, 2021, Plaintiff texted Devela "How can you steal our money like this? This is crazy. I thought you were a good guy." Devela never responded to any of these texts.

**Misrepresentations by Yanez**

41.     Plaintiff again attempted to contact GSNT by email dated July 2, 2021 ("July Email") demanding a status of the refund. A true and correct copy of the July Email is attached hereto as **Exhibit E**.

42.     After receiving no response from Devela, between July 5 and July 16, 2021, Plaintiff contacted Yanez by phone for help. Yanez specifically represented during this conversation that the refund was being processed and Yanez would contact Plaintiff with an update.

43.     By email dated July 16, 2021 a copy of which is attached as **Exhibit F**, Plaintiff stated the following to both Devela and Yanez:

> This is absolutely ridiculous and goes well beyond being just unprofessional. You guys will not even respond or communicate with us about returning our money. Jeric can no longer be reached by email or the cell. So I called Charles last week. Charles assured me last week that our refund was being processed and he would call me back with an update. I really appreciated the fact that Charles took my call. However, I have not heard back from Charles or jeric and I cannot reach either of them now. Can you guys please give us an update?

44.     Yanez responded on July 19, 2021 ("GSNT July Email") by imposing a new requirement for the refund. Yanez stated for the first time that Plaintiff must complete a "refund form" ("Refund Form"). Even though such a form was not necessary for the prior refund

9

received by Plaintiff and had never been mentioned previously, Plaintiff complied with this request and returned the completed Refund Form to GSNT the same day on July 19, 2021. A true and correct copy of the GSNT July Email and Refund Form are attached hereto respectively at **Exhibits G and H**.

45. The refund was never made and then all the Defendants ceased communicating with the Plaintiff.

46. Having failed to receive the refund after submitting the Refund Form, Plaintiff again attempted on August 3, 2021 ("August Email") to contact GSNT for a status by email with no response.  A true and correct copy of the August Email is attached hereto as **Exhibit I**.

47. On September 22, 2021, Plaintiff's counsel sent Defendants a demand letter ("Demand Letter").  A true and correct copy of the Demand Letter is attached hereto as **Exhibit J**.

48. Defendants have failed to respond to the Demand Letter and to date have not refunded the remaining balance of the Pre-Paid Funds.

**Damages**

49. As of September 22, 2021, Plaintiff has suffered damages in the total amount of $621,580.03, as follows:

- $122,162.00 in Pre-Paid Funds for GPU Cards never delivered
- $16,940.00 as reimbursement for CPUs sold to Plaintiff which are useless without the GPU Cards
- $482,478.03 in lost profits
- Legal fees which continue to accrue

50. Additionally, Plaintiff is entitled to recover punitive damages of $500,000 based on the fraudulent and outrageous behavior of the Defendants.

## COUNT I – BREACH OF CONTRACT
(*Plaintiff vs. GSNT*)

51. Plaintiff repeats and realleges all prior allegations as if fully restated herein.

52. Plaintiff advanced the Pre-Paid Funds to GSNT upon GSNT's agreement to sell and deliver to Plaintiff the GPU Cards pursuant to the 600 GPU Invoice.

53. Defendants failed to deliver the GPU Cards to Plaintiff.

54. Defendants were aware of Plaintiff's urgency to receive the GPU Cards for the purpose of Ethereum mining.

55. Despite Plaintiff's Demand, GSNT has failed and refuses to refund to Plaintiff the remaining Pre-Paid Funds due.

56. Plaintiff has suffered damages totaling at least $621,580.03 as a result of GSNT's breach, including, but not limited to, the Pre-Paid Funds, lost profits, and such other exact amounts as may be proven at trial.

57. To the extent that GSNT has not fully performed under the 600 GPU Card Purchase Order, and to the extent that said obligations are not already due and owing, Plaintiff will suffer damages as a result of GSNT's failure to fully perform the obligations.

58. Plaintiff has performed all conditions precedent under the agreement between GSNT and Plaintiff.

WHEREFORE, Digital Egg Investments, LLC requests judgment be granted in its favor and against Green Standard New Technology Solutions, LLC in the amount of at least

$621,580.03, plus attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

## COUNT II – CONVERSION
*(Plaintiff vs. GSNT, Devela, and Yanez)*

59. Plaintiff repeats and realleges all prior allegations as if fully restated herein.

60. Defendants have unlawfully retained the Pre-Paid Funds.

61. Plaintiff has duly demanded that Defendants return the Pre-Paid Funds to Plaintiff or deliver the GPU Cards, and Defendants have failed to do either.

62. Defendants have converted the Pre-Paid Funds to their own use, and as a result, Plaintiff has been deprived of the possession, control and enjoyment of the Pre-Paid Funds.

WHEREFORE, Digital Egg Investments, LLC requests judgment be entered in its favor and against Green Standard New Technology Solutions, LLC, Jeric S. Devela, and Charles Yanez in the amount of at least $621,580.03, plus punitive damages, attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

## COUNT III – FRAUD
*(Plaintiff vs. GSNT, Devela, and Yanez)*

63. Plaintiff repeats and realleges all prior allegations as if fully restated herein.

64. Defendants fraudulently misrepresented to Plaintiff that Defendants would deliver the GPU Cards to Plaintiff in exchange for the Pre-Paid Funds. Defendants later fraudulently misrepresented that Plaintiff's money would be refunded and was in the process of being refunded.

65. Defendants further fraudulently misrepresented to Plaintiff that delivery of the GPU Cards was imminent or had actually taken place.

66. Defendants never intended to deliver the GPU Cards to Plaintiff or refund the Pre-Paid Funds.

67. The misrepresentations made by Defendants were intended to induce Plaintiff to advance the Pre-Paid funds to or for the benefit of the Defendants and to conceal from Plaintiff that Defendants had absconded with the Pre-Paid Funds with no intention of refunding them or delivering the GPU Cards.

68. Defendants knew at the time they made their representations that the representations were false or in reckless disregard of their truth or falsity.

69. Defendants had actual knowledge of the GSNT's inability and lack of intent to deliver the GPU Cards, and had exclusive access to such knowledge, such that Defendants had a duty to advise Plaintiff of GSNT's actual inability and lack of intent to sell and deliver to Plaintiff the GPU Cards.

70. Defendants had actual knowledge of GSNT's inability and lack of intent to refund the Pre-Paid Funds, and had exclusive access to such knowledge, such that Defendants had a duty to advise Plaintiff of GSNT's actual inability and lack of intent to provide a refund.

71. Plaintiff relied on the material and fraudulent misrepresentations of Defendants and advanced the Pre-Paid Funds to GSNT, and waited for delivery of the GPU Cards instead of trying to purchase the GPU Cards from another source.

72. Defendants knew when they received the Pre-Paid Funds, they did not have any right to the funds, but nevertheless retained or spent the Pre-Paid Funds without delivering the GPU Cards.

73. Plaintiff would not have advanced the funds to GSNT if it had been aware that GSNT was not able to, or did not intend to, deliver the GPU Cards to Plaintiff.

74. As a result, Plaintiff has suffered damages.

WHEREFORE, Digital Egg Investments, LLC requests judgment be entered in its favor and against Green Standard New Technology Solutions, LLC, Jeric S. Devela, and Charles Yanez in the amount of at least $621,580.03, plus punitive damages, attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

## COUNT IV – CONSPIRACY TO COMMIT FRAUD
(*Plaintiff vs. GSNT, Devela, and Yanez*)

75. Plaintiff repeats and realleges all prior allegations as if fully restated herein.

76. Defendants conspired with each other to defraud Plaintiff of the Pre-Paid Funds by promising to sell and deliver to Plaintiff the GPU Cards.

77. In furtherance of the conspiracy to defraud Plaintiff, Defendants issued the 600 GPU Invoice, fraudulent shipping labels, and intentionally lied to Plaintiff about the sourcing and delivery of the GPU Cards.

78. All of the acts taken by Defendants were undertaken in furtherance of the conspiracy, were intended to benefit each other, individually, and were intended to injure Plaintiff.

79. The actions by Defendants were with malice.

80. Defendants' actions significantly damaged Plaintiff's business. Plaintiff not only lost the Pre-Paid Funds, but also suffered significant lost profits as a result of Defendants conspiracy to defraud.

81. Each Defendant is liable for the overt acts committed in furtherance of the conspiracy regardless of which co-conspirator committed the act.

WHEREFORE, Digital Egg Investments, LLC requests judgment be entered in its favor and against Green Standard New Technology Solutions, LLC, Jeric S. Devela, and Charles Yanez in the amount of at least $621,580.03, plus punitive damages, attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

## COUNT V – CONCERTED ACTION
**(*Plaintiff vs. GSNT, Devela, and Yanez*)**

82. Plaintiff repeats and realleges all prior allegations as if fully restated herein.

83. Defendants promised Plaintiff repeatedly that Defendants had a supply source from overseas which could deliver the GPU Cards within a matter of weeks.

84. Defendants knew there was no such supply source and had no intention of delivering GPU Cards to Plaintiff at all, let alone within a matter of weeks as promised. Defendants' intentional misrepresentations were willful and wanton, reckless, and fraudulent.

85. The failure by GSNT, Devela, and Yanez, to disclose GSNT's inability to source and deliver the GPU Cards to Plaintiff was part of a common design and plan to defraud Plaintiff of the Pre-Paid Funds, implemented by the generation of the 600 GPU Invoice, CPU Invoice,

shipping labels, and on-going communications with Plaintiff that the GPU Cards had been sourced and were (or were to be) shipped.

86.   GSNT, Devela, and Yanez, each aided and assisted the other defendants in the commission of defrauding Plaintiff.

87.   All Defendants acted pursuant to a common design and plan to defraud Plaintiff of the Pre-Paid Funds.

88.   As a result of Defendants acting in concert to fulfill a common design and plan to defraud Plaintiff, Plaintiff was caused substantial injury and damages as set forth above.

WHEREFORE, Digital Egg Investments, LLC requests judgment be entered in its favor and against Green Standard New Technology Solutions, LLC, Jeric S. Devela, and Charles Yanez in the amount of at least $621,580.03, plus punitive damages, attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

### COUNT VI – NEGLIGENT MISREPRESENTATION
(*Plaintiff vs. GSNT, Devela, and Yanez*)

89.   Plaintiff repeats and realleges all prior allegations as if fully restated herein.

90.   Defendants made material misrepresentations to Plaintiff by promising Plaintiff that Defendants had a supply source from overseas which could deliver the GPU Cards within a matter of weeks, and by repeatedly communicating to Plaintiff that the GPU Cards were on their way to be delivered or had actually been delivered.

91.   Defendants knew or should have known at the time of each material misrepresentation made to Plaintiff that the representations were false.

92.     Defendants intended that Plaintiff rely on the material misrepresentations by wiring the Pre-Paid Funds and not seek to source the GPU Cards from another vendor.

93.     Defendants failed at all times to acknowledge their inability to deliver the GPU Cards as promised, and therefore negligently misrepresented that the GPU Cards would be delivered.

94.     As a direct result of Plaintiff's reasonable reliance on such misrepresentations, Plaintiff has suffered damages as set forth above.

WHEREFORE, Digital Egg Investments, LLC requests judgment be entered in its favor and against Green Standard New Technology Solutions, LLC, Jeric S. Devela, and Charles Yanez in the amount of at least $621,580.03, plus punitive damages, attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

## COUNT VII – UNJUST ENRICHMENT
### (*Plaintiff vs. GSNT*)

95.     Plaintiff repeats and realleges all prior allegations as if fully restated herein.

96.     GSNT has been unjustly enriched by its retention of the Pre-Paid Funds to the extent the Pre-Paid Funds have not been returned to Plaintiff.

97.      Based on the foregoing, Plaintiff has a cause of action against GSNT for unjust enrichment in the amount of $621,580.03.

WHEREFORE, Digital Egg Investments, LLC requests judgment be entered in its favor and against Green Standard New Technology Solutions, LLC in the amount of at least

$621,580.03, plus punitive damages, attorneys' fees and costs, and for such other relief as is just and equitable under the circumstances.

Dated: October 15, 2021

Respectfully submitted,

BUCHANAN, INGERSOLL & ROONEY PC

<u>/s/ Erin H. Conroy</u>
Erin H. Conroy
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel:  (412) 562-8800
Fax:  (412) 562-1041
Email: erin.conroy@bipc.com
*Attorneys for Digital Egg Investments, LLC*

4838-8494-1566, v. 3